STATE OF MAINE *vs.* EBEN WOODBURY.

Penobscot.    Opinion November 20, 1884.

*Plantations. R. S., 1871, c. 3, § 50. Organization. Practice.*

The record of a meeting for the organization of a plantation, reciting that the qualified voters of " said township Letter L, Range 2, or Cyr Plantation, met," etc. is a sufficient "written description of the limits of the plantation," within the provision of R. S., (1871) c. 3, § 50.

The return on the warrant calling a meeting to organize a plantation, reciting, " I attested and posted up two copies," is a compliance with the requirement to post an attested copy in two places.

The competency of testimony which comes before the law court on an agreed statement must first be raised at *nisi prius.*

ON REPORT on agreed statement of facts.

The action is to recover the sum of $1109.90 with interest from January 1, 1884, in the hands of the defendant for stumpage cut on the public lots in township L, range 2, W. E. L. S. during the winter of 1882–3.

The opinion states the material facts.

*Charles Hamlin* and *Jasper Hutchings*, for the plaintiff, cited : 1 Greenl. Ev. § 6; *Plantation No. 9* v. *Bean*, 40 Maine, 221; *State* v. *Wagner*, 61 Maine, 178; *U. S.* v. *Teschmaker*, 22 How. 392.

*Powers and Powers,* for the defendant.

The organization of the plantation is fatally defective because the clerk and assessors did not transmit to the secretary of state

" a written description of the limits of the plantation as required by R. S., 1871, c. 3, § 50.

"Without such a return to the office of secretary of state of certain and definite limits of the plantation, the organization is defective and of no validity." *Plantation No. 9* v. *Bean*, 40 Maine, 223.

In this case there was no mention in the return of any written description of the limits of the plantation.

The law requires all to be transmitted to the secretary that was transmitted in this case, "and *also* a written description of the limits of the plantation." The latter is an original paper, and is in addition to and distinct from the certified copy of the record and proceedings required.

There was no legal notice of the meeting. The warrant, itself, should require that notice be given by posting an attested copy of the warrant in two public and conspicuous places in the township. *State* v. *Shaw*, 64 Maine, 266.

It does not follow from the return of the person to whom the warrant was directed that either of the copies posted up was an attested copy.

VIRGIN, J. The state seeks to recover a certain sum received by the defendant for stumpage on timber cut, in the winter of 1882–3, from the public lots in Township L, Range 2, in the county of Aroostook. The "agreed statement" finds that the defendant had the " right to cut until the township should become organized for plantation purposes and no longer." But the state claims that his right ceased by reason of the organization of the township into a plantation, prior to the cutting, pursuant to the provisions of R. S., (1871) c. 3, § § 47, 49 and 50 ; and this is the issue.

1. The first objection interposed by the defendant is that the clerk and assessors did not comply with the requirement of § 50, by transmitting to the secretary of state, (along with the certified copy of all proceedings had, in effecting such organization, including the warrant issued therefor, and the return thereon, and the record of the meeting held in pursuance thereof) " a written description of the limits of the plantation." The only

"written description of the limits of the plantation" transmitted to the secretary is contained in the record certified by the clerk and assessors, and expressed as follows : "Pursuant to the warrant, which was returned to the meeting with the above return thereon, the qualified voters of said Township Letter L, Range 2, or Cyr Plantation, met," &c. We think this is sufficient. This description in a deed by the state would be ample to convey the title. The township has a well defined existence on the face of the earth, and has been expressly recognized by a public resolve of the legislature of 1873, c. 166, wherein it is resolved, "That Cyr Plantation, Aroostook county, is composed of L, Range 2, in said county." And it has ever since the time of the meeting in 1871 been exercising the functions of a municipal corporation. There is nothing inconsistent with this view contained in *Plantation No. 9* v. *Bean*, 40 Maine, 218, wherein is disclosed a great uncertainty in the description of the territory attempted to be organized.

It is further objected that the return does not show that the statutory notice of the meeting was given by "posting an attested copy of the warrant in two public and conspicuous places," &c. So much of the return as applies to the objection, made and subscribed by the person to whom it was addressed, is as follows : "I attested and posted up two copies," &c. We think the only fair construction of this language is, that the two copies posted were those attested, no others being mentioned as being attested. Any other construction would seem hypercritical.

It is also urged that there is no evidence that a certified copy of the warrant and return were transmitted by the clerk and assessors.

The case shows the record comprises the warrant and return thereon, followed by a recital of the proceedings under the warrant; and appended is the certificate of the clerk and assesors, that they "transmitted to the secretary of state a certified copy of this record and all the proceedings." This is a part of the "agreed statement" on which the case is brought before us. If the defendant would raise the question of the legitimacy of this testimony, he should have suggested it at *nisi prius*.

Being of the opinion that the plantation was legally organized, the plaintiff, in accordance with the stipulation of the parties, must have judgment.

> *Judgment for plaintiff for $1109.90, and interest from January 1, 1884 to date of judgment.*

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.